The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| SCOTT ICEBERG,<br><br>Plaintiff,<br><br>v.<br><br>ANDRETA M.C. ARMSTRONG, an individual,<br><br>Defendant. | Case No.: 3:24-cv-05929-BHS<br><br>PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES FOR DEFENDANT ANDRETA M.C. ARMSTRONG<br><br>NOTED FOR HEARING:<br><br>DECEMBER 20, 2024 |

COMES NOW, Plaintiff Scott F. Iceberg ("Mr. Iceberg"), and moves pursuant to Federal Rules of Civil Procedure Rule ("FRCP" or "Rule") 12(f), to strike the Affirmative Defenses of the Defendant Andreta M.C. Armstrong. ("Defendant").

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES FOR DEFENDANT ANDRETA M.C. ARMSTRONG - 1

SCOTT ICEBERG
4820 Longhouse Trail Ln NE Apt 406
Arlington, WA 98223
425-480-9103
scotticeberg@yahoo.com

## I. INTRODUCTION

Plaintiff alleges that Defendant violated 42 U.S. Code § 1983, and RCW 49.60.220. (Dkt. No. 1). On November 14, 2024, Defendant filed an answer to Plaintiff's complaint, asserting six affirmative defenses. (Dkt. No. 7 at 42 - 47) Plaintiff moves to strike all of the affirmative defenses asserted by Defendant, on the grounds that each defense either lacks sufficient supporting facts to give Plaintiff fair notice or is not actually an "affirmative defense".

By bringing this motion, Plaintiff is not pursuing form over function. Rather, Plaintiff simply wishes to be apprised of Defendant's defenses, and Plaintiff seeks to limit the future expenditure of resources incurred through discovery. Plaintiff respectfully requests this Court strike Defendant Andreta M.C. Armstrong's affirmative defenses, with leave to amend if Defendant can articulate the bases for her affirmative defenses. To the extent Defendant has asserted facts or defenses which do not constitute "affirmative defenses," Plaintiff respectfully requests these be stricken without leave to amend.

## II. LAW AND ARGUMENT

### A. Legal Standard: Fed. R. Civ. P. 12(f) Motions to Strike

Under Federal Rule of Civil Procedure 12(f), a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. R. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Sidney–Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). To determine whether a defense is "insufficient" under Rule 12(f), the Court asks whether it gives the plaintiff fair notice of the defense. Simmons v. Navajo Cty, 609 F.3d 1011, 1023 (9th Cir. 2010) (citing Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979)). Under Federal Rule of Procedure 8, a party must "state in short and plain terms its defenses to each claim

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES FOR DEFENDANT ANDRETA M.C. ARMSTRONG - 2

SCOTT ICEBERG
4820 Longhouse Trail Ln NE Apt 406
Arlington, WA 98223
425-480-9103
scotticeberg@yahoo.com

asserted against it." Fed. R. Civ. P. 8(b); see also Rosen v. Marketing Grp, LLC, 222 F. Supp. 3d 793, 802 (C.D. Cal. 2016) ("Affirmative defenses must be supported by at least some facts indicating the grounds on which the defense is based, but need not include facts sufficient to demonstrate plausible entitlement to relief."). Fed.R.Civ.P. 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "A defense is insufficient if the plaintiff is not given fair notice of the defense. Simmons v Navajo County, 609 F.3d 1101, 1023 (9th Cir. 2010) overruled in part on other grounds by Castro v.County of Los Angeles, 833 F.3d 1060 (9th Cir 2016) (en banc). Failure to state the nature and grounds of each affirmative defense does not place a plaintiff on fair notice of the facts underlying the defense. See Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979)(articulating "fair notice" standard); Manning v. Swedish Med. Ctr., 2015 WL 12696168 (W.D.Wash. Sept. 23, 2015).

    B.    Improper of Unsupported Affirmative Defenses Should be Stricken

Courts routinely grant Rule 12(f) motions to strike where a party asserts, as "affirmative defenses," statements which provide no factual basis, no legal basis, or do not otherwise constitute a proper affirmative defense. See Qarbon.com Inc. v. eHelp Corp., 315 F.Supp.2d 1046, 1049 (N.D. Cal. 2004) (assertion that claims were "barred from recovery in whole or in part by the doctrines of waiver, estoppel, and unclean hands" were insufficient and properly stricken); Barnes v. AT & T Pension Ben. Plan–Nonbargained Program, 718F.Supp.2d 1167, 1174 (N.D. Cal. 2010) (striking seventeen (17) affirmative defenses under Rule 12(f)).Again, Rule 12(f) exists to streamline the case and avoid litigating "non-issues," which ultimately benefits all parties by minimizing additional time and money being spent on issues which may be dispensed with early in the case. See Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010). Here, many of Defendant's "affirmative defenses" are not properly asserted or otherwise have no factual support and should be stricken or re-pleaded.

PLAINTIFF'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES FOR
DEFENDANT ANDRETA M.C.
ARMSTRONG - 3

SCOTT ICEBERG
4820 Longhouse Trail Ln NE Apt 406
Arlington, WA 98223
425-480-9103
scotticeberg@yahoo.com

C.  Motion to Strike

Defendant now asserts six (6) affirmative defenses, many of which do not constitute an affirmative defense or are otherwise devoid of any meaningful factual assertions. Plaintiff moves to strike these "affirmative defenses," with leave to amend where appropriate. An affirmative defense, like any affirmative claim, has elements which must be proven by the party asserting the defense. An "affirmative defense" like "failure to state a claim" has no elements to be affirmatively proven, and thus conducting discovery on such a "defense" would be self-defeating and confusing. Therefore, "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002). Several of Defendant's purported affirmative defenses fail on this basis.

Other affirmative defenses of Defendant fail to pass muster under Fed.R. Civ. P. 8(b), failing to give the requisite "fair notice" to Plaintiffs as to the nature of the supposed defense. Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (discussing "fair notice" standard). This concept was well-articulated by Judge Ware of the Northern District of California:

> [Defendant] eHelp alleges, based on information and belief, that [plaintiff] must be 'barred from recovery in whole or in part' by the doctrines of waiver, estoppel, and unclean hands. eHelp does not specify what the defense is – whether it is asserting a single type of estoppel or several types of estoppel such as prosecution history estoppel, equitable estoppel, or some other type of estoppel. As such, eHelp does not provide fair notice of its affirmative defenses…

PLAINTIFF'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES FOR
DEFENDANT ANDRETA M.C.
ARMSTRONG - 4

SCOTT ICEBERG
4820 Longhouse Trail Ln NE Apt 406
Arlington, WA 98223
425-480-9103
scotticeberg@yahoo.com

A reference to a doctrine, like a reference to statutory provisions, is insufficient notice… Furthermore, eHelp's affirmative defenses do not set forth the elements of the defense… Because eHelp simply refers to the doctrines without setting forth the elements of its affirmative defenses, eHelp does not provide "fair notice" of its defenses… eHelp also fails to allege the factual basis for its affirmative defenses. Qarbon.com Inc. v. eHelp Corp., 315 F.Supp.2d 1046, 1049-50 (N.D.Cal. 2004) (citations omitted). A defendant alleging affirmative defenses need not plead with particularity by any means, but it is insufficient to simply refer to a legal doctrine and offer no other facts. At their core, affirmative defenses plead matters outside of a plaintiff's claims – defenses which seek to simply negate elements of a plaintiff's claim are not affirmative defenses.

1. Failure to State a Claim for Relief – Defendant asserts the defense of failure to state a claim upon which relief can be granted. (Dkt. Nos. 7 at 42) By definition, "[a] defense which demonstrates that [a] plaintiff has not met its burden of proof is not an affirmative defense." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002). The assertion of failure to state a claim upon which relief can be granted is not an affirmative defense; rather, it challenges the legal or factual sufficiency of a plaintiff's claims, and necessarily means that the plaintiff cannot meet his or her burden of proof. Therefore, the Court should STRIKE Defendant's first affirmative defense without leave to amend.

2. Failure to Mitigate – Defendant asserts that "if Plaintiff suffered any damages, Plaintiff may have failed to mitigate said damages" (Dkt. No. 7 at 43.) Plaintiff argues that this statement, void of any facts to support it, is insufficient to give Plaintiff fair notice of the defense made against him. Simply asserting the defense as a conclusory statement, with no indication as to which damages Defendant believes Plaintiff failed to mitigate, or how Plaintiff may have failed to mitigate these damages, does not give Plaintiff fair notice. See Rosen, 222 F. Supp. 3d at 797.

PLAINTIFF'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES FOR
DEFENDANT ANDRETA M.C.
ARMSTRONG - 5

SCOTT ICEBERG
4820 Longhouse Trail Ln NE Apt 406
Arlington, WA 98223
425-480-9103
scotticeberg@yahoo.com

Logically, there would be no basis for Plaintiff to mitigate the violation of his rights under 42 U.S. Code § 1983, and/or RCW 49.60.220. In any case, the Plaintiff is not on any fair notice as to what the nature of the defense is or what facts Defendant claims the Plaintiff should have mitigated. Qarbon.com Inc., 315 F.Supp.2d at 1049 (finding that defendant did not provide "fair notice" of its defense when it "[did] not specify what the defense is – whether it is asserting a single type of estoppel or several types of estoppel.") The defense is wholly devoid of any factual basis. Thus, the Court should STRIKE Defendant's second affirmative defense without leave to amend.

3. Good Faith – Defendant asserts that "she at all times acted in good faith in the performance of her duties and is therefore immune from suit for the matters charged in Plaintiff's complaint" (Dkt. No. 7 at 15.) Defendant's assertion that she complied with the law is not an affirmative defense. Instead, it challenges the factual sufficiency of Plaintiff's claims by alleging that Plaintiff cannot prove a violation of the law. See Zivkovic, 302 F.3d at 1088. The Plaintiff is unclear what these "defenses" means or how they relate to this case. The claims made against Defendant in this matter are under 42 U.S. Code § 1983, and RCW 49.60.220, and without facts to support any legal basis, the defense fails to provide fair notice to the Plaintiff. See Scott v. Fed. Bond & Collection Serv., Inc. No. 10-cv-02825-LHK, 2011 WL 176846, at *5 (N.D. Cal. Jan 19, 2011) ("Defendant's general defense of 'good faith' and 'reasonable belief' that its actions were legal is not specific enough to identify a viable defense to Plaintiff's claims.") Therefore, the Court should STRIKE Defendant's third affirmative defense without leave to amend

4. Contributory Negligence – Defendant asserts that: "the injuries or damages of Plaintiff, if any, were caused or contributed to by Plaintiff's own actions, both intentional and negligent" (Dkt. No. 7 at 45.) Essentially, Defendant is asserting that Plaintiff caused his own injuries, void of any facts to support this assertion, and thus has failed to give Plaintiff sufficient fair

PLAINTIFF'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES FOR
DEFENDANT ANDRETA M.C.
ARMSTRONG - 6

SCOTT ICEBERG
4820 Longhouse Trail Ln NE Apt 406
Arlington, WA 98223
425-480-9103
scotticeberg@yahoo.com

notice of the defense made against him. As stated above, the Defendant again "simply refers to the doctrines without setting forth the elements of its affirmative defenses." Qarbon.com, 15 F.Supp.2d at 1050. Defendant has not identified which actions she is alleging and to what extent they are addressing actions of Plaintiff. Plaintiff is unaware how he may have possibly caused his own injuries under 42 U.S. Code § 1983, or RCW 49.60.220. Thus, the Court should STRIKE Defendant's fourth affirmative defense without leave to amend.

5. Qualified Immunity – Defendant asserts that "she had qualified immunity for the matters charged in plaintiff's complaint" (Dkt. No. 7 at 46.) Defendant provides no facts or evidence to support this assertion. Defendant is an attorney. Plaintiff is unaware how an attorney would be unaware of a private citizens right's under the First Amendment as it may pertain to criticizing employees of the State of Washington, such as Defendant. Thus, Defendant's claim of qualified immunity fails to give Plaintiff sufficient fair notice of the defense made against him. Therefore, the Court should STRIKE Defendant's fifth affirmative defense without leave to amend.

6. Failure to exhaust – Defendant asserts that "Plaintiff's state law claim was filed without first submitting notice pursuant to RCW 4.92.100, and therefore this Court lacks jurisdiction over that claim" (Dkt. No. 7 at 47.) However, Plaintiff alleges in his complaint that he did comply with RCW 4.92.100. "Plaintiff submitted this complaint as a tort claim via regular mail, with attached and complete tort claim form, on July 15th, 2024, to: Office of Risk Management Department of Enterprise Services PO Box 41466 Olympia, WA 98504-14-66. Plaintiff received no response" (Dkt. No. 1 - Complaint at 11) Moreover, Defendant provides no facts to support her assertion that Plaintiff failed to comply with RCW 4.92.100. Therefore, Defendant has failed to give Plaintiff fair notice of the defense made against him. Thus, the Court should STRIKE Defendant's sixth affirmative defense without leave to amend.

PLAINTIFF'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES FOR
DEFENDANT ANDRETA M.C.
ARMSTRONG - 7

SCOTT ICEBERG
4820 Longhouse Trail Ln NE Apt 406
Arlington, WA 98223
425-480-9103
scotticeberg@yahoo.com

## III. CONCLUSION

Based on the foregoing, Defendant Andreta M.C. Armstrong has failed to assert viable affirmative defenses and they should be stricken in their entirety without leave to amend.

DATED this 25th day of November, 2024.

_____
SCOTT ICEBERG
4820 Longhouse Trail Ln NE Apt 406
Arlington, WA 98223
425-480-9103
scotticeberg@yahoo.com

## IV. CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing document to be filed with the Clerk of the Court via the CM/ECF system. PURSUANT to their ECF agreement, the Clerk will give notice of this filing to all counsel of record via email.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed November 25, 2024, at Arlington, Washington.

_____
SCOTT ICEBERG

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES FOR DEFENDANT ANDRETA M.C. ARMSTRONG - 8

SCOTT ICEBERG
4820 Longhouse Trail Ln NE Apt 406
Arlington, WA 98223
425-480-9103
scotticeberg@yahoo.com